IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| GREAT DEY MINISTRIES,<br>on behalf of SEASON MICHEAUX,<br><br>   Plaintiff,<br><br>v.<br><br>SARA TOLSON, *et al.*,<br><br>   Defendants. | )<br>)<br>)<br>)<br>)<br>)  Case No. 23-1188-JAR-BGS<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM & ORDER**
**GRANTING MOTION TO PROCEED WITHOUT PREPAYMENT OF FEES**

In conjunction with the federal court Complaint (Doc. 1) and Amended Complaint (Doc. 5), Plaintiff Great Dey Ministries on behalf of Season Micheaux filed a Motion to Proceed Without Prepayment of Fees ("*IFP* motion," Doc. 3, sealed).  Attached as an exhibit thereto is a supporting financial affidavit relating to Season Micheaux (Doc. 3-1, sealed).

As an initial matter, the Court notes that the Plaintiff in this case is "Great Dey Ministries on behalf of Season Micheaux."  (*See* Docs. 1, 5.)  As will be discussed in the concurrently filed Report & Recommendation to the District Court, the undersigned Magistrate Judge has been provided no information regarding the relationship between Great Dey Ministries and Season Micheaux.  Further, the undersigned has serious concerns as to the viability and propriety of this case being brought by Great Dey Ministries on behalf of an individual such as Ms. Micheaux.  The Court will, however, address those concerns in the Report & Recommendation, rather in the context of this motion.  The Court has thus reviewed the financial affidavit of Ms. Micheaux (rather than request a financial affidavit of Great Dey Ministries).

1

Under 28 U.S.C. § 1915(a), a federal court may authorize commencement of a civil action "without prepayment of fees or security therefor, by a person who submits an affidavit that . . . the person is unable to pay such fees or give security therefor." To succeed on an *IFP* motion, "the movant must show a financial inability to pay the required filing fees." *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005). Proceeding *IFP* "in a civil case is a privilege, not a right – fundamental or otherwise." *White v. Colorado*, 157 F.3d 1226, 1233 (10th Cir. 1998). The decision to grant or deny *IFP* status under § 1915 lies within the District Court's sound discretion. *Engberg v. Wyoming*, 265 F.3d 1109, 1122 (10th Cir. 2001).

Based on the financial information of Ms. Micheaux provided in the Affidavit of Financial Status (Doc. 3-1, sealed), the Court finds that her financial situation warrants waiving the filing fee. Accordingly, the Court **GRANTS** the motion to proceed without prepayment of fees (Doc. 3, sealed). Due to concerns that the Complaint fails to state a claim on which relief may be granted, discussed in the Court's concurrently filed Report & Recommendation of Dismissal to the District Court, the Court will not direct service of process on Defendant.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for *In Forma Pauperis* status (Doc. 3) is **GRANTED**. The Clerk is <u>not</u> directed service of process on Defendant.

**IT IS SO ORDERED**.

Dated at Wichita, Kansas, on this 15th day of September, 2023.

/s/ BROOKS G. SEVERSON
Brooks G. Severson
United States Magistrate Judge