IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| GREAT DEY MINISTRIES, <br> on behalf of SEASON MICHEAUX, <br><br> Plaintiff, <br><br> v. <br><br> SARA TOLSON, *et al.*, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 23-1188-JAR-BGS <br> ) <br> ) <br> ) <br> ) <br> ) |

**REPORT & RECOMMENDATION
OF DISMISSAL OF COMPLAINT**

NOW BEFORE THE COURT are the federal court Complaint (Doc. 1) and Amended Complaint (Doc. 5) filed by "Plaintiff Great Day Ministries on behalf of Season Micheaux." For the reasons set forth below, the Court **recommends** to the District Court that the case be **dismissed** for lack of standing.

**I.      Standards for Reviewing *IFP* Complaints.**

Pursuant to 28 U.S.C. § 1915(e)(2), a court "shall dismiss" an *in forma pauperis* case "at any time if the court determines that … the action or appeal – (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." "When a plaintiff is proceeding *in forma pauperis*, a court has a duty to review the complaint to ensure a proper balance between these competing interests." *Mitchell v. Deseret Health Care Facility*, No. 13-1360-RDR-KGG, 2013 WL 5797609, at *1 (D. Kan. Sept. 30, 2013). The purpose of § 1915(e) is "the prevention of abusive or capricious litigation." *Harris v. Campbell*, 804 F. Supp. 153, 155 (D. Kan. 1992) (internal citation omitted) (discussing similar language contained in § 1915(d), prior to the 1996 amendment). *Sua sponte* dismissal under § 1915 is

1

proper when the complaint clearly appears frivolous or malicious on its face. *Hall v. Bellmon*, 935 F.2d 1106, 1108 (10th Cir. 1991).

In determining whether dismissal is appropriate under § 1915(e)(2)(B), a plaintiff's complaint will be analyzed by the Court under the same sufficiency standard as a Rule 12(b)(6) Motion to Dismiss. *See Kay v. Bemis*, 500 F.3d 1214, 1217-18 (10th Cir. 2007). In making this analysis, the Court will accept as true all well-pleaded facts and will draw all reasonable inferences from those facts in favor of the plaintiff. *See Moore v. Guthrie*, 438 F.3d 1036, 1039 (10th Cir. 2006). The Court will also liberally construe the pleadings of a *pro se* plaintiff. *See Jackson v. Integra Inc.*, 952 F.2d 1260, 1261 (10th Cir. 1991).

This does not mean, however, that the Court must become an advocate for the *pro se* plaintiff. *Hall*, 935 F.2d at 1110; *see also Haines v. Kerner*, 404 U.S. 519, 92 S. Ct. 594 (1972). Liberally construing a *pro se* plaintiff's complaint means that "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, [her] confusion of various legal theories, [her] poor syntax and sentence construction, or [her] unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110.

A complaint "must set forth the grounds of plaintiff's entitlement to relief through more than labels, conclusions and a formulaic recitation of the elements of a cause of action." *Fisher v. Lynch*, 531 F. Supp. 2d 1253, 1260 (D. Kan. 2008) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007), and *Hall*, 935 F.2d at 1110 (holding that a plaintiff need not precisely state each element but must plead minimal factual allegations on those material elements that must be proved)). "In other words, plaintiff must allege sufficient facts to state a claim which is plausible – rather than merely conceivable – on its face." *Fisher*, 531 F. Supp. 2d at 1260 (citing *Twombly*, 127 S. Ct. at 1974). Factual allegations in the complaint must be enough to raise a right to relief "above the speculative level." *Kay*, 500 F.3d at 1218 (citing *Twombly*, 127 S. Ct. at 1965).

2

The Court's relaxed scrutiny of the *pro se* plaintiff's pleadings "does not relieve [her] of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall*, 935 F.2d at 1110. "Conclusory statements unsupported by factual allegations are insufficient to state a claim, even for a *pro se* plaintiff." *Olson v. Carmack*, 641 F.App'x. 822, 825 (10th Cir. 2016). "This is so because a *pro se* plaintiff requires no special legal training to recount the facts surrounding [her] alleged injury . . . ." *Hall*, 935 F.2d at 1110.

While a complaint generally need not plead detailed facts, it must give the defendant sufficient notice of the claims asserted by the plaintiff so that they can provide an appropriate answer. *Monroe v. Owens*, 38 F.App'x 510, 515 (10th Cir. 2002). Rule 8(a) requires three minimal pieces of information to provide such notice to the defendant: (1) the pleading should contain a short and plain statement of the claim showing the pleader is entitled to relief; (2) a short and plain statement of the grounds upon which the court's jurisdiction depends; and (3) the relief requested. Fed. R. Civ. P. 8(a). After reviewing a plaintiff's Complaint and construing the allegations liberally, if the Court finds that Plaintiff has failed to state a claim upon which relief may be granted, the Court is compelled to recommend that the action be dismissed.

## II.    Application of Standards to this Case.

Within this context, the Court has serious misgivings as to whether Plaintiff Great Dey Ministries has standing to bring this lawsuit on behalf of Ms. Micheaux. The doctrine of standing "limits the category of litigants empowered to maintain a lawsuit in federal court to seek redress for a legal wrong." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016). To have standing to bring a lawsuit in federal court, a plaintiff must establish (1) an "injury in fact;" (2) that is "fairly traceable to the challenged action of the defendant;" and (3) that is likely to be "redressed" by a favorable judicial decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992) (citations, brackets, and internal quotation marks omitted). At the pleading stage (when the Complaint is filed), a plaintiff "must

3

clearly allege facts demonstrating each element." *Spokeo*, 578 U.S. at 338 (citation, ellipsis, and internal quotation marks omitted). "It is to be presumed that a cause lies outside" the limited jurisdiction of federal courts, and "the burden of establishing the contrary rests upon the party asserting jurisdiction." *Becker v. Ute Indian Tribe of Uintah & Ouray Rsrv.*, 770 F.3d 944, 947 (10th Cir. 2014) (citation and brackets omitted).

The Complaint (Doc. 1) and Amended Complaint (Doc. 5) allege no facts establishing Great Dey Ministries' standing to bring a lawsuit on behalf of itself or Season Micheaux. There is no indication of the relationship between Great Dey Ministries and Season Micheaux. There is no explanation as to why Ms. Micheaux would need Great Dey Ministries to bring this lawsuit on her behalf, rather than her brining it on her own. There is no indication that Great Dey Ministries was injured by the alleged actions of the Defendants or was in any way involved in the facts alleged. Surmising that Great Dey Ministries is merely attempting to represent Ms. Micheaux in this litigation, that is improper.

Clearly an entity such as Great Dey Ministries is not a licensed attorney. It is well-established in this District that "[a] *pro se* plaintiff may not represent another party" in federal court litigation. *Donahue v. Kansas Bd. of Educ.*, No. 18-2012-CM, 2018 WL 3055841, at *1 (D. Kan. June 20, 2018) (citation omitted).

After reviewing Plaintiff's submissions and construing the allegations liberally, *Jackson v. Integra Inc.*, 952 F.2d 1260, 1261 (10th Cir. 1991), the Court **recommends** that the District Court **dismiss** Plaintiff's Complaint (Doc. 1) for failure to state a claim upon which relief may be granted based on Great Dey Ministries' a lack of standing to bring the claims. *See* 28 U.S.C. § 1915(e)(2), stating that a court "shall dismiss" an *in forma pauperis* case "at any time if the court determines that . . . the action or appeal – (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

**IT IS THEREFORE RECOMMENDED** to the District Court that Plaintiff's Amended Complaint (Doc. 5) be **DISMISSED** for failure to state a claim upon which relief may be granted. The Clerk's office shall not proceed to issue summons in this case.

**IT IS ORDERED** that a copy of the recommendation shall be sent to Plaintiff via certified mail. Pursuant to 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72, and D. Kan. Rule 72.1.4, Plaintiff shall have fourteen (14) days after service of a copy of these proposed findings and recommendations to serve and file with the U.S. District Judge assigned to the case, any written objections to the findings of fact, conclusions of law, or recommendations of the undersigned Magistrate Judge. Plaintiff's failure to file such written, specific objections within the 14-day period will bar appellate review of the proposed findings of fact, conclusions of law, and the recommended disposition.

**IT IS SO ORDERED and RECOMMENDED**.

Dated at Wichita, Kansas, on this 15th day of September, 2023.

/s/ BROOKS G. SEVERSON
Brooks G. Severson
United States Magistrate Judge